IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTONIO BARLOW, | § | |
| | § | No. 556, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1706003785 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 4, 2019
Decided: March 22, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## **O R D E R**

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     In June 2017, the appellant, Antonio Barlow, was indicted for three counts of Unlawful Sexual Contact in the Second Degree, three counts of Rape in the Second Degree, and Sexual Solicitation of a Child. In March 2018, Barlow pleaded guilty to Endangering the Welfare of a Child, as a lesser-included offense of Unlawful Sexual Contact in the Second Degree, and pleaded no contest to Rape in the Fourth Degree, as a lesser-included offense of Rape in the Second Degree. In exchange, the State agreed to dismiss the remaining charges.

(2) Barlow agreed that he qualified to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a) for Endangering the Welfare of a Child and agreed to immediate sentencing. On March 7, 2018, the Superior Court sentenced Barlow as follows: for Rape in the Fourth Degree, 15 years at Level V incarceration, suspended after successful completion of the transitions sex offender program for three years of Level III probation; for Endangering the Welfare of a Child, 203 days at Level V incarceration. Barlow's sentence was consistent with the sentencing recommendation made in the plea agreement.

(3) On August 30, 2018, Barlow filed a motion for modification of sentence. The Superior Court denied the motion. This appeal followed.

(4) Barlow's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Barlow's counsel asserts that, based upon a complete and careful review of the record, there are no arguably appealable issues. In her statement filed under Rule 26(c), counsel indicates that she informed Barlow of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Barlow of his right to submit points he wanted this Court to consider on appeal. Barlow has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(5)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1]  This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(6)     The Court has reviewed the record carefully and concluded that Barlow's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Barlow could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


/s/  James T. Vaughn, Jr.
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).
[2] *Penson*, 488 U.S. at 81.